NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

IN THE MATTER OF LINDA D.

No. 1 CA-MH 15-0106
FILED 6-15-2017

---

Appeal from the Superior Court in Mohave County
No. S8015MH201500076
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

---

COUNSEL

Mohave County Attorney's Office, Kingman
By Robert A. Taylor
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Eric Devany
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1        Appellant challenges the superior court's order for involuntary mental health treatment.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On December 3, 2015, Appellant was found by the Arizona Department of Public Safety ("DPS"), walking by the side of the road in Kingman.  Appellant had driven her car until she ran out of gas and claimed she was attempting to escape from her son.  DPS reported that she was "in a delusional condition" and transported her to a mental health facility.

¶3        On December 4, 2015, Appellant's treating psychiatrist, Dr. Thomas N. Thomas, filed a petition for court ordered evaluation, citing reasonable cause to believe Appellant was a danger to self and was persistently or acutely disabled.  The petition was granted the same day.  Following several examinations, Appellant's treating psychiatrist came to believe that she suffered from a psychotic disorder.  Specifically, Appellant's psychotic disorder manifested as persistent paranoid delusions related to her adult son.  During treatment, Appellant claimed her son attempted to force her to do drugs, be part of his "harem," have sex with strangers for money, and poisoned her with psychiatric medication in her sleep.  Appellant thought the television host "Dr. Phil" had the resources to help her, and refused to take other medication because she believed drugs had damaged her brain.

¶4        On December 9, 2015, Dr. Thomas filed a petition for court ordered treatment of Appellant, alleging she was persistently or acutely disabled and a danger to herself.  A hearing was held on December 17, 2015, where the court heard testimony from several witnesses.  Appellant testified on her own behalf, stating that she was calm and peaceful, had lived independently for 30 years, had never hallucinated, was not suicidal, and was not disabled.  Appellant also testified that her son broke into her house, tampered with her safety deposit box and finances, told her she was "in his harem," and attempted to force her to take drugs and have sex for money.  Appellant insisted researchers needed to test her brain and that her brain cells were damaged, but had been healed by God.  Dr. Laurence Seltzer, a psychiatrist, testified Appellant suffered from a paranoid disorder, refused to take medication, and was disabled, but that antipsychotic medication would likely help Appellant better understand reality and reduce her paranoia.

¶5        The superior court found by clear and convincing evidence that Appellant had a psychotic disorder, needed treatment, and was unwilling to pursue treatment on her own.  Finding that Appellant was both acutely and persistently disabled, and a danger to herself, the court ordered combined in-patient/out-patient treatment not to exceed 365 days. Appellant timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 36-546.01 (2017).[1]

## DISCUSSION

¶6        Appellant argues there is insufficient evidence to find that she has a persistent or acute disability or that she is a danger to herself.

¶7        A court may order involuntary treatment if it finds by clear and convincing evidence that an individual is unwilling or unable to accept voluntary treatment, and, as a result of a mental disorder: 1) is a danger to self, 2) is a danger to others, 3) has a persistent or acute mental disability, or 4) has a grave disability.  A.R.S. § 36-540(A) (2017).  We will affirm the superior court's order for involuntary treatment if it is supported by substantial evidence. *In re Appeal in Pima Cty. Mental Health Serv. Action No. MH–1140–6–93*, 176 Ariz. 565, 566 (App. 1993).  We view the facts in the light most favorable to sustaining the trial court's judgment and will not set aside the related findings unless they are clearly erroneous. *In re Appeal in Maricopa Cty. of Mental Health Case No. MH 94–00592*, 182 Ariz. 440, 443 (App. 1995).

¶8        Appellant first argues the court lacked substantial evidence to find there is was substantial probability she would suffer severe harm if she was not ordered to undergo treatment.  Under A.R.S. § 36-501(31) (2016), in order to find that an individual has a persistent or acute disability, the superior court must find, by clear and convincing evidence, all of the following three criteria:

> (a) If not treated has a substantial probability of causing the person to suffer or continue to suffer severe and abnormal mental, emotional or physical harm that significantly impairs judgment, reason, behavior or capacity to recognize reality.

> (b) Substantially impairs the person's capacity to make an informed decision regarding treatment, and this impairment causes the person to be incapable of understanding and

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

expressing an understanding of the advantages and disadvantages of accepting treatment and understanding and expressing an understanding of the alternatives to the particular treatment offered after the advantages, disadvantages and alternatives are explained to that person.

(c) Has a reasonable prospect of being treatable by outpatient, inpatient or combined inpatient and outpatient treatment.

¶9 This court has interpreted § 36-501(31) to mean that "there must be the real probability that the individual will suffer some danger of harm from his mental disorder if the condition is not treated." *In re Maricopa Cty. Cause No. MH-90-00566*, 173 Ariz. 177, 183 (App. 1992). There must be a nexus connecting the severe harm and the mental disorder afflicting the potential patient. *Id.* In *MH-90-00566*, this court opined that "the physical harm resulting from a lack of food or shelter, for instance, apparently would not be enough unless there was further impairment as listed by the statute." *Id*. Here, Appellant's persistent psychotic delusions have resulted in her repeated hospitalization and homelessness and, absent treatment, will continue to do so.

¶10 Appellant was found alone and wandering by the side of a road after her car ran out of gas. Appellant believed she was escaping her son, whom she claimed was attempting to force her into sexual slavery. After examination, Appellant's physicians offered a probable diagnosis of a psychotic disorder after determining that Appellant was profoundly delusional. Despite Appellant's claim that she is able to live on her own, she has been repeatedly hospitalized and her physician testified that without treatment she will continue to "wander[] around the country . . . being homeless." Appellant has consistently refused to accept any medication that would help her condition, and as a result has a history of paranoid episodes every few months. At the hearing, testimony from a physician, two case workers, and Appellant's own testimony support the conclusion that she is suffering from paranoid delusions. In addition, two physicians provided affidavits stating Appellant was persistently or acutely disabled.

¶11 In light of the exhibits and testimony from all witnesses, including Appellant, there was substantial evidence to support a finding that Appellant's mental disorder will lead to severe harm if not treated. The superior court did not abuse its discretion by finding that Appellant was acutely or persistently mentally disabled.

**¶12** Appellant also contends there is insufficient evidence to show that she is a danger to herself. Although Appellant is correct, given the finding she is persistently or acutely mentally disabled (which is supported by the evidence), a separate finding of danger to self was not required. *See MH-1140-6-93*, 176 Ariz. at 566; A.R.S. § 36-501(31). Accordingly, the court was within its discretion to order treatment upon that finding alone. A.R.S. § 36-540(A). Furthermore, the superior court's order for treatment was within the maximum period permissible under statute. *See* A.R.S. § 36-540(F).

## CONCLUSION

**¶13** Because there is sufficient evidence to find that Appellant is acutely and persistently disabled, we affirm the superior court's order for involuntary mental health treatment.



AMY M. WOOD • Clerk of the Court
FILED: AA